## Penn Anthracite Collieries Co. v. Coleman & Co., Inc.

*Charles J. Biddle*, for plaintiff.
*Howard H. Rapp*, for defendant.

LEWIS, J., February 13, 1945.—Plaintiff coal-mining company sued its Philadelphia sales agency to recover the purchase price of coal that had been supplied to defendant's customers on orders procured by defendant and duly transmitted to the colliery. The amount claimed from defendant is $16,502.20 plus interest. Defendant filed an affidavit of defence admitting that substantially this sum is due by it to plaintiff, but it also made a counterclaim of approximately $40,-000, and set off plaintiff's claim, asking a judgment in

defendant's favor for the difference of approximately $24,000 plus interest.

The counterclaim is for additional sales commissions allegedly due on such coal as was actually supplied by plaintiff on defendant's orders, and for commissions that defendant avers it would have earned on coal that it would or might have sold had plaintiff made deliveries of the difference between the tonnage it had agreed to make available to defendant's customers and the amount actually sold and delivered. Defendant does not aver or contend that it ever obtained orders for this difference, or that it transmitted any orders for the coal to plaintiff. Defendant's theory of its right to counterclaim is that since plaintiff was slow in making deliveries of coal that was covered by orders already transmitted for defendant's customers, that tardiness relieved defendant of the necessity of actually making sales of the remaining coal; that it would have been labor lost in view of the fact that plaintiff had not promptly delivered the coal already on order.

We have read with care the briefs of counsel, but such reading has not served to change the opinion we expressed at the oral argument, which was to the effect that the counterclaim is not sufficiently pleaded to show a cause of action as to this "lost" commission. The difficulty is that defendant avers no sufficient facts to support the conclusion that it draws. It is not averred, for instance, that defendant actually obtained any orders that were not filled, or that plaintiff refused to accept further orders, or refused to make additional deliveries, or that plaintiff through fault of its own had made additional deliveries impossible. Defendant merely concludes that since plaintiff was late in delivery of orders already booked, it was futile and unnecessary to obtain and send in further orders. Defendant does not adequately set up its ability to have sold the remaining coal and thereby to have earned the commission now demanded. The case relied upon

by counsel, Johnson v. The Hoosier Drill Co., 99 Pa. 216, is quite distinguishable. There the sales representative was bound by covenant to continuous solicitation of orders, actually obtained such orders and transmitted them to the principal, who admitted receipt of the orders and his own failure to make delivery.

Subject to defendant's continuing satisfactory credit standing, as provided in the contract, the obligation of plaintiff was only to ship upon instructions received from defendant such tonnage of coal (up to 40,000 tons monthly) as was required to "fulfill orders procured by" defendant and to pay a commission only on "shipments made". Defendant was obligated to confirm every sale that it made by a writing that should contain all the terms of the sale and to transmit a copy of this confirmation to plaintiff. It will be seen that as defendant did not actually sell the coal and obtained no orders for it, no instructions for shipment were sent to plaintiff, as required, and no orders were actually procured by defendant and no shipments were made. Also, no copies of the confirmations of the sales were sent to plaintiff. Perhaps plaintiff could have gotten the coal elsewhere than from its own mines had it found it necessary to supply additional customers obtained by defendant. Defendant was bound to transmit the orders to the colliery, and thereby to put itself in a position to declare a default if delivery were not made. Counsel frankly concedes that defendant did not obtain such orders.

We think the counterclaim deficient and the rule is made absolute.